UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CAUSE NO. 3:15-CV-42 RLM |
| TRINITY HEALTH CORPORATION, | ) ) ) | |
| Defendant | ) | |

## OPINION and ORDER

Trinity Health seeks reconsideration of Magistrate Judge Christopher A. Nuechterlein's December 16, 2014 order granting the EEOC's request to enforce an administrative subpoena. Trinity Health objects to having to comply with Subpoena No. IN-14-34S based on its arguments that (a) the information sought by the EEOC is irrelevant to the Commission's investigation of the underlying case, and (b) compliance with the subpoena would be unduly burdensome. Trinity Health asks that the court conduct a de novo review of the December 16 Order, sustain its objections to that order, and stay enforcement of the subpoena pending final resolution of the issues in this case.

BACKGROUND

The EEOC investigation underlying this action is based on a charge of discrimination Simore Hasan filed in October 2013 alleging that her employer, St. Joseph Regional Medical Center, a subsidiary of Trinity Health, violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, when it first suspended her based on a disability-related absence and then terminated her employment because of her disability. In February 2014, an EEOC investigator requested information and documents from Trinity Health, including the identity of employees with disabilities who had been adversely affected by the company's no-fault attendance policy. Trinity Health provided the EEOC with the documents it thought relevant (*e.g.*, a copy of Ms. Hasan's personnel file, her employee medical file, her leave requests, the names of the individuals involved in her termination decision), but missing was the requested information about disabled employees who were terminated under the no-fault attendance policy. The EEOC investigator then contacted Trinity Health about the requested information – explaining that the issue of the company's no-fault attendance policy was necessary to evaluate an issue that had arisen during the investigation of Ms. Hasan's case – but no documents were forthcoming.

The EEOC issued a subpoena in July 2014 requesting Trinity Health to "identify all employees who used up or had no FMLA and who were then terminated, at any time since January 1, 2011, pursuant to the no fault

attendance policy" and to provide certain documentation relating to the persons identified. Trinity Health didn't produce the information and instead filed a petition to revoke or modify the subpoena in which it objected to disclosing any of the information sought because, the company said, the information was irrelevant to Ms. Hasan's claims and production would be unduly burdensome. The EEOC denied Trinity Health's petition to revoke or modify the subpoena on July 24, 2014 and directed that all documents requested in the subpoena be produced within ten days of that date.

Trinity Health again declined to produce the requested information, so on August 19, the EEOC filed this action asking the court to issue an order to Trinity Health to show cause why the subpoena shouldn't be enforced. On September 16, the court gave Trinity Health to and including October 3, 2014 to show cause why the EEOC's subpoena shouldn't be enforced against it. When briefing was completed, Magistrate Judge Nuechterlein held a hearing on the EEOC's application, and on December 16, he granted the EEOC's request and ordered Trinity Health to comply with the subpoena no later than January 19, 2015.

The cause is now before the court on Trinity Health's objections to the December 16 Order.

DISCUSSION

The Federal Magistrate's Act provides two standards for judicial review of a magistrate judge's decision: "de novo" review of a magistrate judge's resolution of a dispositive matter, *see* 28 U.S.C. § 636(b)(1)(B), (C), and "clearly erroneous or contrary to law" review of the resolution of a nondispositive matter. 28 U.S.C. § 636(b)(1)(A); *accord* FED. R. CIV. P. 72(a), (b); *see also* Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). A motion to enforce a subpoena is generally viewed as a non-dispositive matter, Hartford Fire Ins. Co., Inc. v. Transgroup Express, Inc., No. 09 C3473, 2009 WL 2916832, at *1 (N.D. Ill. Sept. 1, 2009), but because the magistrate judge's order "would be dispositive of the entire matter before the court (that is, whether to enforce the administrative subpoena[]), the court will review the [December 16] ruling de novo." NLRB v. G. Rabine & Sons, Inc., No. 00 C 5965, 2001 WL 1772333, at *3 (N.D. Ill. Sept. 10, 2001); *see also* EEOC v. Schwan's Home Serv., 707 F. Supp. 2d 980, 987 (D.Minn. 2010) ("[A]n application to enforce an administrative subpoena duces tecum, where there is no pending underlying action before the Court, is generally a dispositive matter, and therefore, when a Magistrate Judge considers such an application, the district court reviews the Magistrate Judge's determinations de novo." ); EEOC v. Nestle Prepared Foods,

4

No. 5:11-cv-358, 2012 WL 1888130, at *2 (E.D. Ky. May 23, 2012) ("Because the EEOC's motion to enforce the subpoena sets forth all of the relief requested in this matter, the Court views it as a dispositive motion."); U.S. EEOC v. Dolgencorp., No. 07 C 6672, 2008 WL 4542973, at *2 (N.D. Ill. Apr. 15, 2008) ("Because the Magistrate's order would dispose of the entire matter at issue in this case, however, the order is more properly treated as a Report and Recommendation, subject to de novo review.").

The court will conduct a de novo review of the portions of the order to which Trinity Health objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the magistrate judge's decision, receive further evidence, or remand the matter with instructions. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b)(3).

A

Trinity Health's first objection to the subpoena is that the information sought by the EEOC isn't relevant to Ms. Hasan's case. Trinity Health complains that the subpoena asks for the identity of individuals who aren't comparable to Ms. Hasan, *i.e.*, individuals who weren't eligible for FMLA leave or had exhausted their FMLA entitlement and were terminated pursuant to the company's no-fault attendance policy, while Ms. Hasan was eligible for FMLA leave, hadn't exhausted her FMLA leave, and wasn't discharged for violating the attendance policy. So, the

5

company says, Ms. Hasan isn't similarly situated to the employees who would be identified pursuant to the subpoena. Trinity Health claims it shouldn't be required to help the EEOC identify other employees who might have other claims against it.

Ms. Hasan has alleged that she was subjected to discrimination when she was suspended and then terminated based on her disability. The EEOC has the authority to investigate charges of employment discrimination based on a disability, 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-8(a), with access to "virtually any material that might cast light on the allegations against the employer." EEOC v. Shell Oil Co., 466 U.S. 54, 68–69 (1984). "[T]he role given to the Commission in the statute calls for a relevance standard broad enough to ensure that the 'Commission's ability to investigate charges of systemic discrimination not be impaired.'" EEOC v. Konica Minolta Business Solutions U.S.A., Inc., 639 F.3d 366, 369 (7th Cir. 2011) (*quoting* EEOC v. Shell Oil Co., 466 U.S. at 69). "'Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable.' The charge incites the investigation, but if the investigation turns up additional violations the Commission can add them to its suit." EEOC v. Caterpillar, Inc., 409 F.3d 831, 833 (7th Cir. 2005) (*quoting* General Tele. Co. v. EEOC, 446 U.S. 318, 331 (1980)); *see also* U.S. E.E.O.C. v. ABM Janitorial-Midwest, Inc., 671 F. Supp. 2d 999, 1004 (N.D. Ill. 2009) ("'The EEOC's role in the claims process is to investigate a claim

thoroughly and reasonably and remedy *any* unlawful discrimination that it uncovers.'" (*quoting* EEOC v. Tempel Steel Co., 723 F. Supp. 1250, 1253 (N.D. Ill. 1989) (emphasis in original))).

Courts generally enforce an administrative subpoena if "(1) it reasonably relates to an investigation within the agency's authority, (2) the specific inquiry is relevant to that purpose and is not too indefinite, (3) the proper administrative procedures have been followed, and (4) the subpoena does not demand information for an illegitimate purpose." Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n, 233 F.3d 981, 986 (7th Cir. 2000); *see also* EEOC v. United Air Lines, Inc., 287 F.3d 643, 649 (7th Cir. 2002) ("As long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena.") (*quoting* EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987)). The court doesn't consider the merits of the underlying charge of discrimination. EEOC v. Shell Oil Co., 466 U.S. 54, 72 n.26 (1984).

The EEOC explains that early in its investigation of Ms. Hasan's claim, the EEOC obtained information from Trinity Health about the company's no-fault attendance policy. The EEOC says the record of Ms. Hasan's case contained evidence that she might have been adversely impacted by that policy, so the agency determined that additional information about the policy was necessary to its investigation. The EEOC maintains that because the agency's attempts to

7

obtain information and documentation relevant to its investigation have been unsuccessful, the subpoena should be enforced and Trinity Health ordered to comply.

The EEOC maintains Trinity Health's own assessment of the facts relating to Ms. Hasan's charge isn't properly considered in the court's determination of what is relevant to the EEOC's investigation. According to the EEOC, "while [Trinity Health] may ultimately have the opportunity to argue the merits of [Ms.] Hasan's allegations, a subpoena enforcement proceeding is not the proper forum." Resp., at 5. The EEOC says the agency, not Trinity Health, "is tasked with the responsibility of assessing relevance." Resp., at 4. The court agrees. "Congress has delegated to the EEOC the authority to investigate charges of discrimination, and naturally the agency has developed expertise in that area. . . . [W]here an agency is tasked with investigation, we defer to an agency's own appraisal of what is relevant so long as it is not obviously wrong." EEOC v. Randstad, 685 F.3d 433, 448 (4th Cir. 2012). That Trinity Health disagrees with the EEOC's evaluation of what evidence is necessary to its investigation doesn't demonstrate that the EEOC's determination of what is relevant is "obviously wrong."

The EEOC says, too, that Trinity Health's comparison of this case to the decisions denying the enforcement of EEOC subpoenas in EEOC v. Royal Caribbean, 771 F.3d 757 (11th Cir. 2014), and EEOC v. United Airlines, 287 F.3d 643 (7th Cir. 2002), is misplaced because the burden of production in those cases

8

far exceeded the burden claimed in this case and a significant jurisdictional issue, not present here, factored into both those decisions. The court agrees with the EEOC's position and with the Magistrate Judge's review of the facts and decisions of those cases in the December 16 Order, as well as his conclusion that

> There is no doubt that [EEOC v. Royal Caribbean and EEOC v. United Airlines] define the limits of relevance in administrative subpoenas in light of the Supreme Court's broad definition of relevance in [EEOC v. Shell Oil, 466 U.S. 54 (1984)]. Yet, the EEOC's subpoena to Trinity in this case does not approach these limits. [St. Joseph Regional Medical Center] employs only about 2,000 people from which an even smaller pool would meet the subpoena's criteria for production. In addition, the question of whether SJRMC's application of the attendance policy provided proper accommodation for Ms. Hasan's disability-related absences remains unresolved. As a result, the court is persuaded that the EEOC's subpoena seeks information relevant to Ms. Hasan's charge and should be enforced.

Ord. (Dec. 16, 2014), at 8.

The first three prongs of the court's inquiry under Commodity Trend Service v. Commodity Futures, 233 F.3d at 986, are met: the investigation being undertaken by the EEOC is within the agency's statutory authority, the requested information is specific, and neither party has argued or alleged that the administrative procedures employed were improper. *See* EEOC v. United Air Lines, Inc., 287 F.3d 643, 649 (7th Cir. 2002) ("As long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena."). Lastly, Trinity Health's unsupported claim that "[a]t worst, the sole purpose of the subpoena is . . . to identify other employees who may have claims,"

9

Pltf. Obj., at 11, is insufficient to establish that the information being sought is intended for an illegitimate purpose as required under the fourth prong of the court's inquiry. *See* National Labor Relations Bd. v. Marano, 996 F. Supp. 2d 720, 723 (E.D. Wis. 2014) ("Ultimately, the burden on the party to whom the subpoena is addressed is not a meager one. It must come forward with facts suggesting that the subpoena is intended solely to serve purposes outside of the jurisdiction of the issuing agency." (internal quotation and citation omitted)). The court overrules Trinity Health's objections to the Magistrate Judge's order and concludes that the EEOC's request for information about Trinity Health's no-fault attendance policy is relevant to a determination of whether Trinity Health's policies amount to disability discrimination.

B

Trinity Health claims the magistrate judge incorrectly determined that there was no undue burden on Trinity Health to comply with the subpoena, especially since the information sought is irrelevant to the charge under investigation by the EEOC. Trinity Health again maintains that the decisions in EEOC v. Royal Caribbean, 771 F.3d 757 (11th Cir. 2014), and EEOC v. United Airlines, 287 F.3d 643 (7th Cir. 2002), support a finding that responding to the EEOC subpoena would be unduly burdensome.

"[T]he presumption is that compliance should be enforced to further the agency's legitimate inquiry into matters of public interest. Consequently, a court may modify or exclude portions of a subpoena only if the employer carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad." EEOC v. United Air Lines, Inc., 287 F.3d 643, 653 (7th Cir. 2002) (internal quotation and citation omitted). "An unduly burdensome or unreasonably broad subpoena is one that threatens 'the normal operation of a respondent's business.'" U.S. Dep't of Educ. v. National Collegiate Athletic Ass'n, No. 1:06-cv-1333, 2006 WL 3198822, at *4 (S.D. Ind. Sept. 8, 2006) (*quoting* EEOC v. United Air Lines, Inc., 287 F.3d 643, 653 (7th Cir. 2002)).

Trinity Health estimates that identifying and locating documents that meet the EEOC's criteria would require a minimum of 80 hours. Magistrate Judge Nuechterlein's analysis of the argument is persuasive:

> The court acknowledges that costs will result from the requested production. Yet the costs Trinity has identified do not suggest that its normal operation of business will be threatened if required to comply with the EEOC's subpoena. Moreover, cases where courts have refused to enforce comparable administrative subpoenas have involved production costs considerably higher [] in terms of time and money compared to available institutional resources. In this case, [St. Joseph Regional Medical Center's] human resources department is sophisticated enough to deal with the myriad of issues generated by 2,000 employees. Moreover, SJRMC and Trinity are engaged in the highly regulated health care industry suggesting, at the very least, a familiarity with the processes of regulatory compliance. As a result, the court is convinced that SJRMC is sufficiently equipped to absorb the costs of production based on its own estimate. More importantly, the relevance of the requested information to the question of whether

11

SJRMC discriminated against Ms. Hasan in violation of the ADA outweighs the costs SJRMC has identified.

Ord. (Dec. 16, 2014), at 11-12 (citations omitted).

The court overrules Trinity Health's objection to the Magistrate Judge's conclusion that compliance with the subpoena wouldn't be unduly burdensome for the company.

CONCLUSION

Based on the foregoing, the court OVERRULES Trinity Health's objections [docket # 16] to the December 16, 2014 Order [docket # 15], ADOPTS the findings and conclusions of the December 16, 2014 Order, GRANTS the EEOC's request to enforce Subpoena No. IN-14-34S, and ORDERS Trinity Health to comply with the subpoena within twenty days of this date.

SO ORDERED.

ENTERED:  May 11, 2015

                                              /s/ Robert L. Miller, Jr.
                                              Judge, United States District Court